IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> vs. <br><br> RODRIGO ALBERTO LOZANO-VALADEZ, <br>     Defendant. | No. CR 04-00244-PHX-SRB <br> CIV-05-1901-PHX-SRB (BPV) <br><br> **REPORT AND RECOMMENDATION** |

On June 23, 2005, Rodrigo Alberto Lozano-Valadez, ("Movant"), presently confined in the Federal Correctional Institute in Milan, Michigan, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. #17). The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the Motion.

Ordinarily, a court must conduct a hearing on a motion unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255. The Motion, as well as the files and records, do conclusively establish that Movant is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Hence, no hearing is required to rule on the present Motion.

**I.     PROCEDURAL BACKGROUND.**

Rodrigo Alberto Lozano-Valadez, ("Movant"), was arrested on February 13, 2004, (Doc. # 1) and indicted on March 10, 2004, for Reentry After Deportation in violation of 8 U.S.C. § 1326(a) and enhanced by (b)(2). (Doc. #7)

1    Movant entered a plea of guilty to the indictment on April 12, 2004. (Doc. # 11)
2 On June 28, 2004, Movant was sentenced to a term of imprisonment of 30 months, three
3 years supervised release and a special assessment of $100.00. (Doc. # 13) Movant did
4 not appeal.

5    On June 23, 2005, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set
6 Aside or Correct Sentence by a Person in Federal Custody. (Doc. # 17) Movant also
7 filed a Memorandum in support of his motion. (Doc. # 18)  He raises two grounds for
8 relief: (1) That he was denied the effective assistance of counsel, and (2) That a sixteen
9 level enhancement decision by the judge was in violation of his right to trial by jury.

10    On June 28, 2005, the District Court called for an answer from the United States
11 Attorney. (Doc. # 19) The order also referred the matter to Magistrate Judge Bernardo
12 P. Velasco pursuant to LRCiv 72.1 and 72.2 for further proceedings and a report and
13 recommendation. Respondents filed a Response in Opposition on October 6, 2005.
14 (Doc. # 26) No reply was filed.

15 **II.    DISCUSSION**

16 **A.    Timeliness**

17    Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one
18 year period of limitations from the date on which the judgement of conviction becomes
19 final has been imposed on the filing of motions for collateral relief by prisoners in
20 federal custody. 28 U.S.C. § 2255. Respondents do not contest the timeliness of this
21 motion, and a review of the record suggests that the motion was timely filed.

22 **B.    Ineffective Assistance of Counsel**

23    Movant asserts that he "feels that his counsel did NOT make an attempt to make
24 sure the [Movant] understood his charges and possible length of his sentence."
25 (Motion to Vacate, p. 3.)

26    The established law governing the merits of an ineffective assistance of counsel
27 claim is expressed in *Strickland v. Washington*, 466 U.S. 668 (1984). The general

28

1 standard for attorney performance is that of "reasonably effective assistance." 2 *Strickland v. Washington*, 466 U.S. 668 (1984). To have a valid ineffective assistance 3 of counsel claim Petitioner must meet the requirements set forth in *Strickland.* The 4 *Strickland* test requires Petitioner establish deficient performance by counsel and 5 prejudice resulting from that performance to obtain relief. *See Luna v. Cambra*, 306 6 F.3d 954, 961 (9th Cir. 2002), *amended,* 311 F.3d 928. First, deficient performance 7 requires that counsel's errors "so undermined the proper functioning of the adversarial 8 process that the trial cannot be relied on as having produced a just result." *Strickland*, 9 466 U.S. at 694. Second, Defendant must show prejudice resulting from deficient 10 performance by counsel. To show prejudice Defendant must demonstrate a reasonable 11 probability that but for counsel's deficient performance, the outcome of the proceedings 12 would have been different. *Strickland*, 466 U.S. at 694; *Luna*, 306 F.3d at 961.

13 Movant contends that his attorney was ineffective for failing to make sure 14 Movant understood his charges and possible length of his sentence and that his attorney 15 advised him to plead guilty resulting in the imposition of a harsher sentence. This 16 contention lacks merit because Movant has failed to demonstrate either deficient 17 performance or prejudice. *See Strickland*, 466 U.S. at 694.

18 The plea agreement demonstrates that Movant's attorney, in court, informed 19 Movant that he was in the highest offense level, level 24, because of a prior conviction 20 for attempted importation of marijuana. (Response, Ex. 1, p. 13) The Court informed 21 Movant that, under the plea agreement, signed by Movant, (Doc. # 15), the government 22 would move for a six level downward departure, resulting in Movant being sentenced 23 at offense level 18. (Response, Ex. 1, p.13) Both the Court, and the plea agreement 24 signed by Movant indicated that this offense level carries a sentence between 27 and 25 71 months. (Id. and Doc. # 15, p. 3) The Movant indicated that he understood this 26 arrangement.

27

28

- 3 -

1     Movant acknowledged that his attorney had read the plea agreement to him and
2 that his attorney had answered all of his questions relating to the plea agreement, had
3 reviewed the charge pending against him, and that he was "absolutely" satisfied with
4 his representation. (Response, Ex.1, p. 5, 8)

5     Moreover, Movant has failed to state any prejudice as a result of the alleged
6 ineffectiveness.

7     Accordingly, having failed to demonstrate either the first or second prong of
8 *Strickland*, Movant's first claim fails.

9 **C.     Right to a Jury Trial**

10     Movant asserts that he was sentenced to 30 months, an increase above the
11 statutory maximum of 24 months in violation of Petitioner's Sixth Amendment right to
12 trial by jury, because the Court erroneously believed the United States Sentencing
13 Guidelines were mandatory. (Motion to Vacate, p. 3) Movant argues that *Apprendi v.*
14 *New Jersey*, 530 U.S. 466 (2000), requires that sentencing above the statutory
15 maximum be proven to a jury and proved beyond a reasonable doubt. (Motion to
16 Vacate, p.3)

17     Respondent asserts that the Court should deny Movant's Sixth Amendment claim
18 because Movant knowingly, intelligently, and voluntarily waived his right to
19 collaterally attack his sentence.

20     The right to petition for relief under 28 U.S.C. § 2255 is statutory. *United States*
21 *v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (*citing See Abney v. United States,* 431
22 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases,
23 is purely a creature of statute....")). A knowing and voluntary waiver of statutory rights
24 under 28 U.S.C. § 2255 is enforceable, *id.* (*citing United States v. Navarro-Botello,* 912
25 F.2d 318, 321(9th Cir.1990)), as long as the plea agreement expressly makes the
26 waiver, *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000);*United States v.*
27 *Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Neither concerns of public policy nor due
28

- 4 -

process invalidate a valid waiver of statutory rights, such as the statutory right of appeal. *Navarro-Botello,* 912 F.2d at 321.

"'Generally, courts will enforce a defendant's waiver of his right to appeal if 1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and 2) the waiver is knowingly and voluntarily made.'" *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (citations and quotation omitted). Although waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement, a waiver is valid even if a defendant does not know the exact nature of what appellate issues might later arise at the time the defendant enters the waiver. *Navarro-Botello*, 912 F.2d at 321.

Here, the Movant does not challenge the validity of his waiver, and the record reflects that it was knowingly entered into and it was voluntary. The sentence imposed was consistent with the negotiated agreement. The Plea Agreement expressly waived the Movant's right to collaterally attack the sentence. (Doc. # 15, p. 4-5) The Plea Agreement states that the defendant waives "any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack." (Doc. # 15, p. 5) The Plea Agreement further stated that the Movant agreed that his attorney had fully advised him of the nature of the charges to which he was entering a plea, that the guilty plea was not the result of force, threats, assurances or promises, that his acceptance of the plea was voluntary, and that he agreed to be bound by its provisions. (Doc. # 15, p. 6) The District Judge, at the time of sentencing, noted that the Defendant was advised of his right to appeal and acknowledged his waiver of his appeal rights. (Response, Ex. 1, p.8)

The Plea Agreement signed by the Movant demonstrates that Movant entered a knowing, intelligent and voluntary waiver of his right to appeal or collaterally attack any matter pertaining to the prosecution or sentence. The District Court acknowledged this waiver at the time of sentencing. The Movant does not challenge the validity of

- 5 -

1  this waiver.  Pursuant to his waiver, the Movant is barred from proceeding under 28
2  U.S.C. § 2255, and the Magistrate Judge recommends that the District Court dismiss
3  the Motion accordingly.

**Recommendation**

It is the recommendation of this Court that the Movant's Motion to Vacate/Set Aside Sentence (Document # 17) be DENIED.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.  If objections are filed, the parties should use the following case number: CR 04-00244-PHX-SRB and  CV 05-1901-PHX-SRB.

DATED this 24th day of May, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge